STATE OF NEBRASKA EX REL. PEARLE F. FINIGAN, DIRECTOR, DEPARTMENT OF AGRICULTURE AND INSPECTION, STATE OF NEBRASKA, APPELLANT, v. NORFOLK LIVE STOCK SALES COMPANY, INCORPORATED, A CORPORATION, APPELLEE.
128 N. W. 2d 130

Filed May 1, 1964. No. 35632.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellant.

Jewell & Otte, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

This is an action for declaratory judgment relief brought by the Director of the Department of Agriculture and Inspection of the State of Nebraska against the Norfolk Live Stock Sales Company, Incorporated. The defendant operates an auction livestock market at Norfolk, Nebraska. The purpose of the action is to determine the amount of fees owed by the defendant for the inspection of livestock and to require the defendant to remit the proper fees.

The action arises under the Nebraska Auction Livestock Market Development Act, Chapter 54, article 11, R. S. Supp., 1961. The act provides generally for the licensing and regulation of auction livestock markets in the State of Nebraska. It requires that all livestock entering an auction livestock market be inspected for health before being offered for sale; that the inspection shall be made by a veterinarian designated by the director; that the fees for such inspection shall be established by the rules and regulations of the director; and that such fees shall be collected by the operator of the auction livestock market and remitted to the director. § 54-1150, R. S. Supp., 1961.

On March 10, 1962, the director adopted rules and regulations which established the fees for the inspection of livestock entering auction livestock markets. The defendant did not comply with the regulations adopted on March 10, 1962, but collected and remitted fees in accordance with regulations which had been adopted in 1957. This action was then brought to determine the liability of the defendant for fees under the 1962 regulations.

The amended answer and cross-petition of the defendant alleges that it is exempt from the Nebraska Auction Livestock Market Development Act and the

rules and regulations adopted under its authority. The trial court found that the defendant is exempt from the act and the regulations promulgated under the act, and dismissed the action. The plaintiff's motion for new trial was overruled and he has appealed. There is no cross-appeal.

Section 54-1129, R. S. Supp., 1961, provides in part: "This act shall not be construed to include: * * * (4) Any presently existing livestock market, stockyards, or facilities commonly known as a central public livestock market or a terminal livestock market and regulated under the provisions of the federal Packers and Stockyards Act, 1921, and amendments thereto."

The defendant contends that subsection (4) of section 54-1129, R. S. Supp., 1961, creates three exempt classifications, one of which is divided into two subclassifications. The defendant argues that the exempt classifications are: (1) Any existing livestock market regulated under the provisions of the federal Packers and Stockyards Act; (2) stockyards regulated under the provisions of the federal Packers and Stockyards Act; and (3) facilities commonly known as a central public livestock market or a terminal livestock market and regulated under the federal Packers and Stockyards Act.

At the time the statute became effective, and at all times since, the defendant has operated a "stockyard" within the meaning of the federal Packers and Stockyards Act, 1921, and has been regulated under the act. See 7 U. S. C. A., § 202, p. 154. Thus, under the defendant's theory of the statute, the defendant is exempt as an "existing livestock market" or as a "stockyards" regulated under the federal act.

The plaintiff contends that subsection (4) of section 54-1129, R. S. Supp., 1961, creates only one exempt classification. The plaintiff argues that the Legislature did not intend to exempt a livestock market or stockyards unless it was also a central public livestock market.

or a terminal livestock market. The plaintiff's theory of the statute is that the word "or" as it appears in subsection (4) of section 54-1129, R. S. Supp., 1961, is used to indicate an appositional relation of thought, and that the alternatives mentioned are similar or equivalent in meaning instead of different or distinct. See, Uldrich v. State, 162 Neb. 746, 77 N. W. 2d 305; Phillips v. State, 154 Neb. 790, 49 N. W. 2d 698.

Under the plaintiff's theory of the statute, the question of whether the defendant is subject to the act depends upon the meaning of the words "a central public livestock market or a terminal livestock market" as used in subsection (4) of section 54-1129, R. S. Supp., 1961. Neither term is defined in the act and the plaintiff has not suggested a definition of either term. Apparently, these terms have not acquired a well-known meaning from custom or usage in trade and commerce and their meaning has not been adjudicated. In such a situation it is the duty of the court to give the statutory language its plain and ordinary meaning. Todd v. County of Box Butte, 169 Neb. 311, 99 N. W. 2d 245.

Webster's Third New International Dictionary, page 2359, defines a "terminal market" as "a central marketing place for a farm product (as grain, livestock) received from scattered or outlying shipping points and sold through a public exchange."

The pleadings establish that the defendant operates a public livestock market in Norfolk, Nebraska. The only inquiry remaining is whether Norfolk, Nebraska, is a central location.

Courts will generally take judicial notice of geographical conditions. In re Estate of Nilson, 81 Neb. 809, 116 N. W. 971. The location of Norfolk, Nebraska, is such that we think that the defendant's place of business must be considered to be centrally located within the meaning of the statute.

We conclude that the defendant is exempt from the operation of the Nebraska Auction Livestock Market

Development Act. It is, therefore, unnecessary to consider the plaintiff's other assignments of error.

The judgment of the district court is affirmed.

AFFIRMED.