STATE OF NEBRASKA EX REL. PEARLE F. FINIGAN, DIRECTOR, DEPARTMENT OF AGRICULTURE AND INSPECTION, STATE OF NEBRASKA, APPELLANT, v. NORFOLK LIVE STOCK SALES COMPANY, INCORPORATED, A CORPORATION, APPELLEE.

132 N. W. 2d 302

Filed December 31, 1964. No. 35632.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellant.

Jewell & Otte, for appellee.

Barney, Carter & Buchholz, for amicus curiae.

Heard before WHITE, C. J., MESSMORE, YEAGER, SPENCER, BOSLAUGH and BROWER, JJ., and DIERKS, District Judge.

BROWER, J.

Our former opinion in this cause is in 177 Neb. 31, 128 N. W. 2d 130, where the facts and issues are set forth. A reargument was granted and had and the case has been given further consideration.

The previous decision held that the defendant Norfolk Live Stock Sales Company, Incorporated, a corporation,

was exempt from the provisions of the Nebraska Auction Livestock Development Act, Chapter 54, article 11, R. S. Supp., 1961, herein referred to as the act, and consequently it was unnecessary to consider the plaintiff's assignments of error further.

The section of the act which we held conferred the exemption is section 54-1129, R. S. Supp., 1961, which provides in part: "This act shall not be construed to include: * * * (4) Any presently existing livestock market, stockyards, or facilities commonly known as a central public livestock market or a terminal livestock market *and regulated under the provisions of the federal Packers and Stockyards Act, 1921, and amendments thereto."* (Italics supplied.)

The contentions of the parties in regard to this section as set forth in our previous opinion were: "The defendant contends that subsection (4) of section 54-1129, R. S. Supp., 1961, creates three exempt classifications, one of which is divided into two subclassifications. The defendant argues that the exempt classifications are: (1) Any existing livestock market regulated under the provisions of the federal Packers and Stockyards Act; (2) stockyards regulated under the provisions of the federal Packers and Stockyards Act; and (3) facilities commonly known as a central public livestock market or a terminal livestock market and regulated under the federal Packers and Stockyards Act. * * *

"The plaintiff contends that subsection (4) of section 54-1129, R. S. Supp., 1961, creates only one exempt classification. The plaintiff argues that the Legislature did not intend to exempt a livestock market or stockyards unless it was also a central public livestock market or a terminal livestock market. The plaintiff's theory of the statute is that the word 'or' as it appears in subsection (4) of section 54-1129, R. S. Supp., 1961, is used to indicate an appositional relation of thought, and that the alternatives mentioned are similar or equivalent in meaning instead of different or distinct."

Our opinion further stated the plaintiff's theory of the exemption statute was dependent upon the meaning of the terms "a central public livestock market or a terminal livestock market" as used in subsection (4) of section 54-1129, R. S. Supp., 1961. Because the terms were not defined in the act under consideration and the plaintiff neither in his brief nor argument of counsel suggested a definition of either, this court concluded that the terms had no well-established meaning and accordingly adopted the defendant's construction holding the defendant exempt from the provisions of the act.

On reargument plaintiff and the brief filed by the friend of the court cited authorities to the effect that "central public market" and "terminal market" are common and synonymous terms in the livestock business and connote markets connected with "public stockyards" doing business through an exchange; that this court should take judicial notice of the meaning of those terms; and that as so defined the only "central public market" and "terminal market" in the State of Nebraska is the Union Stock Yards at Omaha, Nebraska.

The plaintiff next contends again that the word "or," when used not to connect two distinct facts of different natures but to characterize and include two or more phases of the same fact attended with the same result, states but a single ground and not the alternative. In such case it may be construed as meaning "alias," "being," "otherwise called," and words of similar import.

Conceding for the purposes of this supplemental opinion that the suggested meaning of the terms "central public livestock market" and "terminal livestock market" are as claimed, a careful study of that portion of the exemption section under consideration does not, in our opinion, authorize the construction urged thereon for the following reasons: First, although "or" is not always used in the disjunctive, it is usually so considered and that is its commonly accepted meaning. Second, the

word "Any" at the beginning of subsection (4) is suggestive that more than one entity was intended. Third, the words "livestock market" and "stockyards" are not joined by "and," or by "or," but are separated by a comma, a circumstance which renders the reading of the section quite awkward if the construction of the plaintiff is adopted. Fourth, it would appear that the closing words of the paragraph, "and regulated under the provisions of the federal Packers and Stockyards Act, 1921, and amendments thereto," relates and refers to each and all of the terms previously mentioned and that the construction suggested disregards the words and phrases used and the order of those words and phrases.

Generally speaking, a statute should be construed so that an ordinary person reading it would get from it the usual accepted meaning. Rules of interpretation are resorted to for the purpose of resolving an ambiguity, not of creating it. 50 Am. Jur., Statutes, § 226, p. 209. An ordinary person reading the paragraph containing these exceptions would not consider it ambiguous but would construe it as the defendant contends. When language of a statute is unambiguous, there is no necessity for construction; courts have no jurisdiction to change the language of a statute. Wessel v. City of Lincoln, 145 Neb. 357, 16 N. W. 2d 476; Prucha v. Department of Motor Vehicles, 172 Neb. 415, 110 N. W. 2d 75, 88 A. L. R. 2d 1055.

It follows that our decision in the former opinion should be and is adhered to, and the judgment of the trial court affirmed.

AFFIRMED.

DIERKS, District Judge, not participating.