LARRY J. HEYWOOD, APPELLEE, v. HOMER BRAINARD, SHERIFF OF DODGE COUNTY, NEBRASKA, APPELLANT.

147 N. W. 2d 772

Filed January 17, 1967.    No. 36384.

Richard L. Kuhlman, for appellant.

Kerrigan, Line & Martin, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and HASTINGS, District Judge.

SPENCER, J.

This is an appeal from an order in a habeas corpus action releasing the petitioner from custody and determining that section 60-430.02, R. S. Supp., 1965, is unconstitutional.

Petitioner was held in custody by Homer Brainard, sheriff of Dodge County, on a complaint which alleged in part as follows: "* * * Larry J. Heywood, on or about the 23rd day of April, A. D. 1966, in the County of Dodge, and State of Nebraska, then and there being, was then

and there the person operating a motor vehicle in violation of the State Motor Vehicle laws and did unlawfully flee in an effort to avoid arrest for violating a law of the State of Nebraska, * * *."

After a hearing, the district court determined that section 60-430.02, R. S. Supp., 1965, under which petitioner was charged, was unconstitutional, and ordered petitioner released from custody.

Section 60-430.02, R. S. Supp., 1965, including the catch line, is as follows: "License; operating motor vehicle in violation of law; flight to avoid arrest; violations; penalty; order not to operate motor vehicle. It shall be unlawful for any person operating any motor vehicle to flee in such vehicle in an effort to avoid arrest for violating any law of this state. Operation of such motor vehicle in an otherwise lawful manner shall not constitute fleeing to avoid arrest. Any person violating the provisions of this section shall, upon conviction thereof, be (1) fined in a sum not exceeding five hundred dollars, or (2) imprisoned in the county jail for not to exceed six months, or (3) imprisoned in the Nebraska Penal and Correctional Complex for a period not less than one year nor more than three years, or (4) punished by both such fine and imprisonment. The court shall, as a part of the judgment of conviction, order such person not to operate any motor vehicle for any purpose for a period of one year from the date of his release from imprisonment, or in the case of a fine only, for a period of one year from the date of satisfaction of the fine."

The statute makes it unlawful for the operator of a motor vehicle to flee in the vehicle in an effort to avoid arrest for violating *any* law of this state. It then states that operation of such vehicle in an *otherwise lawful manner* shall not constitute fleeing to avoid arrest. This is the wording which raises the question herein. What is mean by "operation * * * in an otherwise lawful manner"?

It is the duty of this court to give a statute an inter-

pretation which meets constitutional requirements if it can reasonably be done. Fugate v. Ronin, 167 Neb. 70, 91 N. W. 2d 240.

The word "otherwise" is defined in both Webster's New International Dictionary (2d Ed.), p. 1729, and Black's Law Dictionary (4th Ed.), p. 1253, as follows: "In a different manner; in another way, or in other ways."

In construing a statute, effect must be given if possible to all its several parts. No sentence, clause, or word should be rejected as meaningless or superfluous if it can be avoided. Rose v. Hooper, 175 Neb. 645, 122 N. W. 2d 753.

Does the statute mean that the operator fleeing to avoid arrest must have violated some traffic regulation such as speeding or running a stop sign or some similar violation previous to the pursuit? The Revisor of Statutes may have placed this interpretation on it in the catch line phrase "operating motor vehicle in violation of law." This may be a plausible interpretation, but the statute does not appear to be so restricted. The statute says "for violating any law of this state." It does not say for violating a law while operating a motor vehicle. Does the statute mean that if a law has been violated and the operator in fleeing from arrest does not violate any traffic regulation, the statute does not apply? This might raise a question as to whether it is possible to operate a vehicle in a lawful manner while fleeing to avoid arrest. There are many other questions that might be raised as to the meaning of the statute, but these are sufficient to point up the problem.

The State interprets the language to mean that it is necessary for it to prove that the operator of the vehicle had: (1) Violated a law of this state; (2) was fleeing in the vehicle to avoid arrest for the violation; and (3) while he was fleeing to avoid arrest, he was further violating another law. What would be the result if the operator subsequently secured an acquittal of the viola-

tion for which his arrest was originally sought?

It is a fundamental requirement of due process of law that a statute be reasonably clear and definite. State v. Adams, 180 Neb. 542, 143 N. W. 2d 920. The basic requirement for certainty of a criminal statute demands that it give persons of ordinary intelligence reasonable notice as to what conduct is forbidden by the statute and not require them to speculate on its meaning. A crime must be defined with sufficient definiteness and there must be ascertainable standards of guilt to inform those subject thereto as to what conduct will render them liable to punishment thereunder. The dividing line between what is lawful and unlawful cannot be left to conjecture. See State v. Nelson, 168 Neb. 394, 95 N. W. 2d 678.

We conclude that the phrase "Operation of such motor vehicle in an otherwise lawful manner shall not constitute fleeing to avoid arrest" makes section 60-430.02, R. S. Supp., 1965, vague and uncertain and requires men of ordinary intelligence to speculate on its meaning.

For the reasons given, we affirm the judgment of the trial court.

AFFIRMED.

WHITE, C. J., dissenting.

The constitutional issue raised in this case arises from an alleged ambiguity in the second sentence of section 60-430.02, R. S. Supp., 1965. Although interpretation in its general sense is necessary, the standard of guilt is reasonably ascertainable. Nothing in the statutory language leaves the outcome of a trial to the moral temper of an unguided jury. An essential element of the crime is culpable intent, and the statute has given fair warning of the prescribed conduct. Constitutions do not demand of Legislatures a definiteness that obviates interpretation. I think there is no constitutional uncertainty involved here, and I therefore dissent.

In the interpretation of a statute, the court should ascertain the legislative intent and give effect to it if it

is a lawful one. Wilson v. Marsh, 162 Neb. 237, 75 N. W. 2d 723. To construe a statute, a court must look to the object to be accomplished, the evils and mischief sought to be remedied, or purpose to be subserved, and place on the statute a reasonable or liberal construction which will best effect its purpose, rather than one which will defeat it. Roy v. Bladen School Dist., 165 Neb. 170, 84 N. W. 2d 119; Rebman v. School Dist. No. 1, 178 Neb. 313, 133 N. W. 2d 384.

In the case before us, the intent of the Legislature is plainly manifested in the first sentence of the act, to wit: "It shall be unlawful for any person operating any motor vehicle to flee in such vehicle in an effort to avoid arrest for violating any law of this state." The second sentence: "Operation of such motor vehicle in an otherwise lawful manner shall not constitute fleeing to avoid arrest" was intended merely to define that which was not an offense under the statute. It in no way changes the definitions of the crime charged in the first sentence and is needless surplusage.

The foregoing is not only apparent from the act itself, but is supported by the legislative intent as expressed in the report of the Legislative Judiciary Committee wherein it is said: "The statute presently makes fleeing to avoid arrest a crime only if done as an effort to avoid arrest for operating a vehicle while the operator's license has been suspended or revoked. This bill includes anyone fleeing to avoid arrest."

It is not the court's duty, nor is it within its province, to read a meaning into a statute that is not warranted by the legislative language. Wessel v. City of Lincoln, 145 Neb. 357, 16 N. W. 2d 476. If a statute is unambiguous, courts will not by interpretation or construction usurp the function of a lawmaking body and give it a meaning not intended or expressed by the Legislature. Fugate v. Ronin, 167 Neb. 70, 91 N. W. 2d 240. Rules of interpretation are resorted to for purpose of resolving an ambiguity in a statute, not of creating it. State ex rel.

Finigan v. Norfolk Live Stock Sales Co., Inc., 178 Neb. 87, 132 N. W. 2d 302. A cardinal rule of statutory construction is that effect must be given, if possible, to the whole statute and every part thereof, and it is the duty of the court, so far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible. An interpretation which gives effect to a statute will be chosen over one which defeats it, and an interpretation which gives effect to the entire language will be selected against one which does not. Belgum v. City of Kimball, 163 Neb. 774, 81 N. W. 2d 205, 62 A. L. R. 2d 1295.

In the case before us, the crime is properly defined in its first sentence of the statute. The ambiguity, if any, is contained in the second sentence, a needless provision. It is not the province of this court to create an ambiguity by construction or inference for the purpose of holding the statute unconstitutional. The Constitution does not require the Legislature to anticipate that the court will by inference or speculation create an ambiguity when the intention of the Legislature is clearly evident.

SMITH, J., dissenting.

In my opinion the statute is somewhat ambiguous but not unconstitutionally uncertain. I therefore dissent.