REQUESTED BY: Annette L. Harmon, Executive Director Board of Public Accountancy
You have requested our opinion concerning the experience requirement for the issuance of a permit to practice public accounting pursuant to the Public Accountancy Act. Specifically, you ask whether a Nebraska CPA certificate holder may combine her experience in the office of the Auditor of Public Accounts with her experience in the Department of Revenue to meet the three year requirement of Neb. Rev. Stat. § 1-136.02(1)(b) (Cum. Supp. 1994). It is our opinion that she may.
Neb. Rev. Stat. § 1-136 (Cum. Supp. 1994) provides that "[P]ermits to engage in the practice of accounting in this state shall be issued by the board to persons who are holders of the certificate of certified public accountant issued under sections1-114 to 1-124, and who have met the experience requirements of section 1-136.02. . . ." The experience requirement is set forth in Neb. Rev. Stat. § 1-136.02(1) as follows:
 The board shall issue a permit under section 1-136 to a holder of a certificate of certified public accountant when such holder has had:
 (a) Two years of public accounting experience satisfactory to the board, in any state, (i) in practice as a certified public accountant or a public accountant, (ii) in employment as a staff accountant by anyone practicing public accounting, or (iii) in any combination of either of such types of experience;
 (b) Three years of auditing experience satisfactory to the board in the office of the Auditor of Public Accounts or in the Department of Revenue; or
 (c) Experience gained through employment by the federal government as a special agent or an internal revenue agent in the Internal Revenue Service, a degree from a college or university of recognized standing, and certification by a District Director of Internal Revenue that such person has had at least three and one-half years of field experience as a special agent or internal revenue agent.
In other words, the statute sets forth three classes of authorized experience: public accounting experience, state government auditing experience, and federal government experience. Your question concerns the three years of state government auditing experience. We have been unable to discover any Nebraska case law or other statutes which deal further with the question you have raised.
It is our opinion a court would find the provision in question is not ambiguous and, thus, no resort to legislative intent is necessary. In any event, we do not find the legislative history of § 1-136.02(1)(b) to be helpful on this point. The alternative of auditing experience in state government currently codified in subsection (1)(b) was added in Laws 1977, LB 290. The statute already authorized experience with the Internal Revenue Service as one means of meeting the experience requirement. A review of the legislative history reveals the Legislature wanted to give the same opportunity to auditors in the Nebraska Department of Revenue. When the bill was further amended, the language also referred to auditing experience in the office of the Auditor of Public Accounts. We found nothing in the legislative history which would lead to the conclusion that all three years of auditing experience must take place in one state office.
The intention of the Legislature is to be found in the ordinary meaning of the words of a statute in the connection in which they are used. Adkisson v. City of Columbus,214 Neb. 129, 333 N.W.2d 661 (1983). The use of the word "or" in subsection (1)(b) (in the office of the Auditor of Public Accounts or in the Department of Revenue) above is at issue. The word "or," while not always used in the disjunctive, is usually so considered. State ex rel. Finigan v. Norfolk Live StockSales Co., 178 Neb. 87, 132 N.W.2d 302 (1964). The ordinary use of the word "or" in a statute is as a disjunctive that marks an alternative generally corresponding to "either." 82 C.J.S.Statutes § 335 at p. 674. However, the Nebraska Supreme Court has also held that the words "or" and "and" are often interchangeable. In Ledwith v. Bankers Life Ins.Co., 156 Neb. 107, 54 N.W.2d 409 (1952), the argument was made that because of the presence of the conjunction "and," the three verbs "establish, participate in, and administer" in the statute in question imposed three separate and mandatory prerequisites to a valid retirement plan. The Nebraska Supreme Court stated that the "laxity in the use of the conjunctive `and' and the disjunctive `or' is so frequent that the doctrine has been accepted that they are interchangeable and that one may be substituted for the other if to do so is necessary to give effect to any part of a statute or to effectuate the intention of the Legislature." Id. at 125, 54 N.W.2d at 421. "The words are so frequently interchanged that in construing a civil statute, `or' may be read as `and' where a strict reading would lead to an absurd or unreasonable result and defeat the intent of the statute." Baker's Supermarkets, Inc. v. State,248 Neb. 984, 993, 540 N.W.2d 574, 581 (1995).
With regard to Neb. Rev. Stat. § 1-136.02(1)(b), it is our opinion that "or" means one, the other, or a combination of both alternatives. There is no basis for construing "or" as "and" so as to require that one necessarily have experience in both state government offices listed. Rather, the statutory provision sets forth two alternatives for meeting the state government experience requirement. However, it does not appear to us that the Legislature intended that an applicant's experience in one of the listed state offices preclude consideration of that applicant's experience in the other listed state office. In our view, the Legislature intended that an applicant be able to meet the experience requirement for the issuance of a permit to practice public accounting if that applicant has three years of auditing experience in state government satisfactory to the Board. The type of auditing experience intended to qualify is the auditing experience gained by employment in two specified state offices: the Auditor of Public Accounts and the Department of Revenue.
In a prior opinion request, this office was asked whether an applicant could combine experience from the three classes of authorized experience: public accounting experience, auditing experience in state government, and experience through employment by the federal government. Op. Att'y Gen. No. 81-075 (April 9, 1981). We concluded that there was no specific authorization for the combination of different classes of acceptable experience. For example, an applicant could not meet the experience requirement by combining public accounting experience with auditing experience in a state position. However, we expressed no opinion whether an applicant could combine experience within the same class, such as combining experience in the office of the Auditor of Public Accounts with experience in the Department of Revenue to fulfill the state government auditing experience requirement.
We note that at § 1-136.02(1)(a) the Legislature has set out two types of experience, practice as a certified public accountant and employment as a staff accountant, as variations of public accounting experience and then specifically provided that one may combine these two types of public accounting experience. By contrast, at subsection (1)(b), the Legislature has referred to the office of the Auditor of Public Accounts and the Department of Revenue, not as separately enumerated types of experience, but as means of meeting one type of experience, the three years of auditing experience in state government. Therefore, it was unnecessary for the Legislature to specifically authorize, as it did in subsection (1)(a), a combination of different types of experience. We also note subsection (1)(a) allows an applicant to count public accounting experience in more than one firm or office. Our interpretation of subsection (1)(b) allows an applicant with state government auditing experience to do the same.
In conclusion, based on the analysis above, it is our opinion that a Nebraska CPA certificate holder may combine her auditing experience in the office of the Auditor of Public Accounts with her auditing experience in the Department of Revenue to meet the three year requirement of § 1-136.02(1)(b).
Sincerely yours,
 DON STENBERG Attorney General
 Lynn A. Melson Assistant Attorney General
Approved by:
Don Stenberg
Attorney General