YORK COUNTY RURAL PUBLIC POWER DISTRICT, A PUBLIC CORPORATION, APPELLANT, V. RALPH E. O'CONNOR ET AL., APPELLEES.

111 N. W. 2d 376

Filed October 27, 1961. No. 34990.

*John R. Brogan* and *Herman Ginsburg,* for appellant.

*John E. Dougherty,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

SPENCER, J.

In this action the appellant, York County Rural Public Power District, hereinafter called the plaintiff, seeks to establish the validity and propriety of a rate charged for electrical services furnished by the plaintiff to Ralph E. O'Connor and Paul O'Connor, appellees, hereinafter called the defendants. It also seeks a declaration that the defendants are obligated to pay the rate established by the plaintiff, and for other appropriate consequential relief. The trial court sustained a demurrer to plaintiff's second amended petition, and when the plaintiff refused to plead further, entered an order of dismissal. Plaintiff appeals.

The plaintiff sets out 10 assignments of error. We will

group them into two categories: First, whether the trial court committed prejudicial error in sustaining the demurrer; and second, whether the Uniform Declaratory Judgments Act is available under the facts pleaded. Only the allegations in plaintiff's second amended petition necessary to understand the questions involved will be summarized herein.

The plaintiff brings this action for declaratory judgment, for an injunction, and other equitable relief under and pursuant to the provisions of sections 25-21,149 to 25-21,164, R. R. S. 1943. Plaintiff is a public power district and a political subdivision of the State of Nebraska, duly organized and existing under and by virtue of the applicable provisions of sections 70-601 to 70-679, R. R. S. 1943, with its principal place of business in the city of York, York County, Nebraska. Defendants are customers of the plaintiff, and their dwelling houses are in close proximity to each other in a rural area in Fillmore County. For a considerable period of time prior to 1959, the defendants were supplied with electrical power and energy through one meter for the two dwelling houses. In February 1959, the board of directors of the plaintiff, by appropriate action and for good and sufficient reason, changed the policy of the district to provide that where two dwellings were supplied with electrical power and energy through the same meter, separate meters would be installed, or, if the customers preferred, a different rate schedule, called the multiple dwelling rate, would apply. The defendants objected to the new policy, refused to permit the installation of separate meters, and refused to recognize the multiple dwelling rates as applicable to them. Plaintiff's bills are payable monthly. The defendants for the period from September 20 to October 20, 1959, a billing period, consumed 1,729 kilowatt hours of electrical energy. The amount due the plaintiff from the defendants for said electrical energy under the rate fixed by the plaintiff is $46.58. The amount which would have been due under

the previously existing rate would have been $38.95. The defendants remitted the sum of $38.95 to the plaintiff and refuse to pay more than said amount for the electrical energy furnished. Plaintiff contends that to permit the defendants to pay the old rate would be to grant the defendants a discriminatory rate and rebate in violation of the plaintiff's obligation to its other customers and would be contrary to law. Plaintiff alleges that the defendants threaten the plaintiff with an action for all consequential damages if the plaintiff should discontinue the furnishing of electrical energy for their appliances.

Plaintiff also alleges that it has no adequate remedy at law because the relationship between the parties is a continuing one and a multiplicity of actions would be required in order for plaintiff to recover at each billing period for the amount due plaintiff under its applicable rate. Plaintiff further alleges that this cause is a justiciable controversy between the parties and that the plaintiff is entitled to a declaratory judgment finding that the rates and regulations adopted by the plaintiff are in all respects proper and applicable to the defendants. The prayer of the plaintiff's petition, which we set out verbatim, is as follows: "WHEREFORE, plaintiff prays for declaratory judgment herein, finding and adjudging that the defendants are obligated to pay to the plaintiff for electrical energy furnished by the plaintiff to defendants' premises, the multiple dwelling rate assessed by the plaintiff, and that the court find further that the multiple dwelling rates established by the plaintiff is applicable to defendants' dwellings and is a just, valid and proper rate which the defendants are obligated to pay to the plaintiff; that the court enter judgment against the defendants and each of them for the amount lawfully due the plaintiff under the multiple dwelling rate, and that the defendants be enjoined from interfering with the discontinuance of electric service to the defendants' premises upon the failure or refusal

of the defendants to pay the amount due the plaintiff under its said rate; that the court determine the controversy between the parties and uphold the validity of the rate assessed and asserted by the plaintiff; that judgment be entered against the defendants for all sums lawfully due the plaintiff; that the cost of this action be assessed against the defendants; and for such other, further and different relief as may seem just and equitable to the court in the premises."

The demurrer filed by the defendants stated only one reason, "* * * that said petition does not state facts sufficient to constitute a cause of action against the defendants or either of them." The trial court sustained the demurrer and rendered judgment dismissing the action when the plaintiff refused to plead further.

The sole question is, did the petition in its essentials set forth that the plaintiff was entitled to any relief whatsoever? This question must be answered in the affirmative. Even if the petition could be held defective for declaratory judgment purposes, it did state a cause of action as against a general demurrer for the recovery of a sum of money for electrical energy furnished to the defendants by the plaintiff. The defendants so admit in the following from their brief: "When this petition is boiled down in its final analysis, it is nothing more than an action at law to recover upon an account for electricity furnished to the defendants at their special instance and request." This requires a reversal. However, we believe the question as to the applicability of the Uniform Declaratory Judgments Act to the facts pleaded herein should also be determined.

Defendants urge that plaintiff has an adequate remedy at law; that every possible issue that could be litigated in this case could be litigated in a case at law; and that where this is the case, the Uniform Declaratory Judgments Act will not be employed. We have no quarrel with defendants' conclusion if their premise were correct. We cannot, however, accept their premise.

Plaintiff's petition alleges that the electrical energy furnished the defendants was charged at regular billing periods. Each billing period would constitute a separate cause of action. Beck v. Devereaux, 9 Neb. 109, 2 N. W. 365. If the allegations herein for declaratory judgment relief were stricken and this action presented as one at law for the recovery of one month's electrical energy, would that judgment be res judicata as to the next billing? Would that judgment be a final determination of the reasonableness of the charge for future billings? The answer is obvious. It would not. An adequate remedy at law means a remedy which is plain and complete and as practical and efficient to the ends of justice and its prompt administration as the remedy in equity. Best & Co., Inc. v. City of Omaha, 149 Neb. 868, 33 N. W. 2d 150.

Plaintiff does have a remedy at law. However, we agree with the plaintiff that the remedy at law is not adequate and that plaintiff's petition states a cause of action for equitable relief.

Plaintiff, by virtue of section 70-602, R. R. S. 1943, is designated as a public corporation and political subdivision of this state. Section 70-655, R. R. S. 1943, requires the board of directors to fix, establish, and collect adequate rates for electrical energy or other services furnished by the plaintiff. Such rates are required to be fair, reasonable, and nondiscriminatory. We said at page 793 of United Community Services v. The Omaha Nat. Bank, 162 Neb. 786, 77 N. W. 2d 576, which involved the Omaha Public Power District: "The Legislature gave to public power districts all the usual powers of a corporation organized for public purposes. § 70-625, R. R. S. 1943. These are more fully set forth in section 70-626, R. R. S. 1943, and section 70-655, R. R. S. 1943. They are intended to permit the business of the district to be operated in a successful and profitable manner."

If the plaintiff district is to be operated in a successful and profitable manner, someone must determine the

rate necessary to permit it to do so. Section 70-655, R. R. S. 1943, requires plaintiff's board of directors to make that decision. It also provides that the rates be fair, reasonable, and nondiscriminatory. In the case of a dispute between the plaintiff and its customers as to the reasonableness of the rates charged, who has the authority to review the action of the board of directors? Section 70-656, R. R. S. 1943, provides: "The Nebraska State Railway Commission shall have no jurisdiction over the rates, tolls, rents and charges of districts organized under sections 70-601 to 70-679." If the railway commission does not have authority, who does? We have previously answered this question. At page 659 of Erickson v. Metropolitan Utilities Dist., 171 Neb. 654, 107 N. W. 2d 324, we said: "In the performance of the functions under the power granted by the statute the district in the matter of service rendered and rates to be charged therefor, the question of whether or not the district has acted unreasonably and arbitrarily has been recognized as a matter proper for judicial examination and review. The case of Keystone Investment Co. v. Metropolitan Utilities Dist., 113 Neb. 132, 202 N. W. 416, 37 A. L. R. 1507, is one wherein there was such a review. No case has been cited or found to the opposite effect." We find that the reasonableness or unreasonableness of rates charged or action taken by the board of directors of a public power district is a proper matter for judicial examination and review.

In the instant case, plaintiff has in effect determined that a higher rate for the type of service enjoyed by the defendants is essential to permit it to operate profitably. Defendants refuse to recognize the right of the plaintiff to raise its rates. Defendants would certainly have had a right, if they cared to invoke it, to enjoin the enforcement of the multiple dwelling rate if they could prove that it was arbitrary, discriminatory, or unreasonable. American Water-Works Co. v. State ex rel. Walker, 46 Neb. 194, 64 N. W. 711, 50 Am. S. R. 610, 30 L. R. A.

447; Keystone Investment Co. v. Metropolitan Utilities Dist., 113 Neb. 132, 202 N. W. 416, 37 A. L. R. 1507; Erickson v. Metropolitan Utilities Dist., 171 Neb. 654, 107 N. W. 2d 324. Is the plaintiff without a reciprocal right?

We have said that the Uniform Declaratory Judgments Act is applicable where there is a present controversy, all interested persons are made parties, and justiciable issues are presented. Graham v. Beauchamp, 154 Neb. 889, 50 N. W. 2d 104, and cases cited therein. The allegations of plaintiff's petition appear to meet this test. Essentially, the plaintiff's petition is seeking a judicial determination of its right to establish a multiple dwelling rate and to require defendants to permit the installation of separate meters or to require them to pay the multiple dwelling rate, and for a determination of the reasonableness of the rate. The very purpose of the Uniform Declaratory Judgments Act is to provide the relief that plaintiff seeks, a declaration of the rights of the parties.

For the reasons stated, the trial court was in error in sustaining defendants' demurrer to plaintiff's petition. The judgment of dismissal is hereby reversed and the cause remanded for further proceedings, in harmony with this opinion.

REVERSED AND REMANDED.