STATE OF NEBRASKA EX REL. CLARENCE A. H. MEYER,
ATTORNEY GENERAL, PLAINTIFF, v. RICHARD M. DUXBURY,
CHAIRMAN, NEBRASKA CLEAN WATERS COMMISSION, ET AL.,
DEFENDANTS.

160 N. W. 2d 88

Filed June 21, 1968. No. 36873.

Clarence A. H. Meyer, Attorney General, and Gerald S. Vitamvas, for plaintiff.

Kutak, Rock & Campbell and Nixon, Mudge, Rose, Guthrie, Alexander & Mitchell, for defendants.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is an original action brought by the Attorney General at the request of the Governor to determine the validity of the 1967 Nebraska Clean Waters Commission Act. Ch. 71, art. 42, R. S. Supp., 1967. The defendants are the members of the commission.

The act creates the Nebraska Clean Waters Commission which is to assist municipalities in the planning and financing of waste water treatment works, waste water collecting systems, and solid waste disposal facilities. The commission is authorized to issue bonds and notes and to loan money to municipalities to accomplish the purposes of the act. The principal questions presented relate to the financing authority of the commission.

It is important to note that the commission is an agency of the state and not a separate corporation. This results in the commission being subject to constitutional requirements and restrictions that would not be applicable to a separate corporation.

The petition alleges that the act is invalid because it violates Article XIII, section 1, of the Constitution of Nebraska, limiting state indebtedness; that it attempts to make a continuing appropriation in violation of Article III, section 22, Constitution of Nebraska; that it attempts to authorize an expenditure of state funds without a specific appropriation in violation of Article III, section

25, Constitution of Nebraska; that it authorizes the giving or loaning of credit of the state in violation of Article XIII, section 3, Constitution of Nebraska; that it makes an unlawful delegation of legislative powers in violation of Article II, secton 1, and Article III, section 1, Constitution of Nebraska; and that it makes an unlawful delegation of judicial powers in violation of Article II, section 1, and Article V, section 1, Constitution of Nebraska. The answer admits the facts alleged in the petition and prays that the act be declared valid. The case has been submitted upon the motion of the plaintiff for judgment on the pleadings.

Article XIII, section 1, of the Constitution of Nebraska, provides as follows: "The state may, to meet casual deficits, or failures in the revenues, contract debts never to exceed in the aggregate one hundred thousand dollars, and no greater indebtedness shall be incurred except for the purpose of repelling invasion, suppressing insurrection, or defending the state in war, and provision shall be made for the payment of the interest annually, as it shall accrue, by a tax levied for the purpose, or from other sources of revenue, which law providing for the payment of such interest by such tax shall be irrepealable until such debt be paid."

The plaintiff's theory is that the commission is an agency of the state and any indebtedness of the commission is, therefore, a debt of the state; and that the proceeds received from the sale of bonds issued by the commission is state "revenue." The defendants rely upon the "Special Fund Doctrine" and contend that the debt limitation provision of the Constitution is not applicable because the obligations of the commission are not general obligations of the state and are not payable from taxation.

The special fund doctrine is generally applicable where an indebtedness incurred in the construction of a project is payable from revenue arising from the operation of the project. It has been held applicable in this state

to the improvement of a light plant, Carr v. Fenstermacher, 119 Neb. 172, 228 N. W. 114; and to the construction of a toll bridge, Kirby v. Omaha Bridge Comm., 127 Neb. 382, 255 N. W. 776.

The act involved here is somewhat similar to an Arkansas law which was held valid in Davis v. Phipps, 191 Ark. 298, 85 S. W. 2d 1020, 100 A. L. R. 1110. The Arkansas statute authorized the Arkansas State Board of Education to issue bonds and loan the proceeds to school districts. The school district bonds were then to be pledged to secure the bonds issued by the State Board of Education. The Arkansas Constitution prohibited bonds pledging the faith and credit of the state "or any of its revenues" without a vote of the people. The Arkansas court held that the school district bonds, and the interest derived from them, were not "revenues" within the meaning of the constitutional provision and that the law was valid.

One purpose of the limitation upon indebtedness in the Nebraska Constitution is to prevent the anticipation of revenue by the creation of obligations to be paid from revenue to be received in future periods. Municipal bonds purchased by the commission with the proceeds received from issuing its own bonds, and funds received by the commission from the payment of interest and the repayment of principal on such municipal bonds are not "revenues" within the meaning of the constitutional limitation upon state indebtedness. Davis v. Phipps, *supra*.

But the act involved here authorizes a pledge of more than municipal bonds to secure the payment of the bonds issued by the commission. The act provides that the commission may pledge all or any part of the fees and charges to be received by the commission and all or any part of the assets of the commission as security for the payment of the bonds and notes issued by the commission. The act also provides that the commission may establish debt service reserve funds, to secure the pay-

ment of its bonds, and that the Legislature may appropriate supplemental funds from the general revenue fund of the state to supply any deficiency so that the debt service reserve funds may be maintained at the full amount prescribed in the act. The act further provides that: "It shall be the policy of the state and it does hereby pledge and agree that, to the extent appropriations may be made from state funds for the limited purposes herein indicated, the provisions hereof are intended as compensation to the commission as an agent of the state for the accomplishment of a state governmental purpose."

Since the commission is an agency of the state, any fees and charges or "compensation" received by the commission and remaining unspent at the end of each biennium would lapse and become unavailable to the commission unless reappropriated by the Legislature. Such funds would become "public revenue" under the plenary control of the Legislature and available to be used for any legal purpose. This has long been the law in Nebraska. Rein v. Johnson, 149 Neb. 67, 30 N. W. 2d 548; Power Oil Co. v. Cochran, 138 Neb. 827, 295 N. W. 805; State ex rel. Norfolk Beet-Sugar Co. v. Moore, 50 Neb. 88, 69 N. W. 373, 61 Am. S. R. 538; State ex rel. M. C. Bullock Mfg. Co. v. Babcock, 22 Neb. 33, 33 N. W. 709; Opinion of the Judges, 5 Neb. 566.

To the extent that the act authorizes the pledging of such funds for the payment of the bonds and notes of the commission, the act violates the constitutional limitation upon indebtedness. To that extent, the act also violates the constitutional provision against continuing appropriations. Article III, section 22, Constitution of Nebraska, provides that all appropriations shall expire at the end of the first fiscal quarter after the adjournment of the next regular session of the Legislature.

The plaintiff's contention that the act is invalid as authorizing the expenditure of funds without a specific appropriation is based upon Article III, section 25, of

the Constitution of Nebraska, which provides in part as follows: "No money shall be drawn from the Treasury except in pursuance of a specific appropriation made by law, * * *." A specific appropriation is one expressly providing funds for a particular purpose. State ex rel. Cline v. Wallichs, 15 Neb. 609, 20 N. W. 110.

A fair construction of the act indicates that the Legislature intended that the fees and charges received by the commission would constitute a fund in the nature of a cash fund which the commission is authorized to use to carry on the work of the commission. The act itself is a sufficient appropriation, at least for this biennium. The proceeds received from the issuing of bonds and notes, and from municipal bonds, are not revenue requiring a specific appropriation.

The plaintiff's contention that the act is invalid because it authorizes the giving or loaning of the credit of the state is based upon Article XIII, section 3, of the Constitution of Nebraska, which provides as follows: "The credit of the state shall never be given or loaned in aid of any individual, association, or corporation."

The act, to the extent that it is valid, does not authorize the giving or loaning of the credit of the state to municipal corporations. The securities which may be pledged to secure the payment of the bonds and notes to be issued by the commission are the bonds and notes of municipal corporations. The bonds and notes issued by the commission actually represent the combined or collective credit of the municipal corporations which have borrowed money from the commission. The act specifically provides that the bonds and notes issued by the commission shall be general obligations of the commission, payable solely from funds of the commission available for that purpose, and not a liability of the state.

The plaintiff's contention that the act makes an invalid delegation of legislative powers to the commission has reference to the powers conferred upon the commission

and standards prescribed as to how the powers may be exercised.

Without question, the commission has very broad powers within its field of operation. For example, there is no absolute limit upon the amount of money which it may borrow, or the amount of money which it may loan to any municipality, or the rate of interest to be paid or charged, or the time within which such loans must be repaid. The act does require that the fees and charges of the commission be reasonable and that loans to municipalities must not exceed the cost of construction.

In School Dist. No. 8 v. State Board of Education, 176 Neb. 722, 127 N. W. 2d 458, this court said: "The difference between a delegation of legislative power and the delegation of authority to an administrative agency to carry out the expressed intent of the Legislature and the details involved has long been a difficult and important question. Increased complexity of our social order, and the multitude of details that necessarily follow, has led to a relaxation of the specific standards in the delegating statute in favor of more general ones where a specialized state agency is concerned. It is almost impossible for a legislature to prescribe all the rules and regulations necessary for a specialized agency to accomplish the legislative purpose. The delegation of authority to a specialized department under more generalized standards has been the natural trend as the need for regulation has become more evident and complex."

The field of operation of the commission is quite narrow. Its powers are limited to assisting municipalities in the planning and financing of waste water collecting systems and treatment works and solid waste disposal facilities. We conclude that the act does not make an invalid delegation of legislative powers to the commission.

The plaintiff's contention that the act makes an invalid delegation of judicial powers has reference to subsection

(9) of section 71-4215, R. S. Supp., 1967, which provides that a resolution of the commission authorizing bonds or notes may contain a provision, which shall be a part of the agreement with the holders, as to: "Vesting in a trustee or trustees such property, rights, powers and duties in trust as the commission may determine, which may include any or all of the rights, powers and duties of the trustee appointed by the bondholders pursuant to sections 71-4201 to 71-4234, and limiting or abrogating the right of the bondholders to appoint a trustee under sections 71-4201 to 71-4234 or limiting the rights, powers and duties of such trustee; * * *."

The only provision in the act for the appointment of a trustee by the bondholders is contained in section 71-4227, R. S. Supp., 1967, which refers to proceedings in the district court for Lancaster County after default by the commission. The plaintiff argues that the commission cannot restrict the authority of the court to appoint a trustee.

The defendants suggest that subsection (9) of section 71-4215, R. S. Supp., 1967, refers only to a trustee appointed *prior to default,* and that the act does not authorize the commission to limit or abrogate the right of the bondholders to request the appointment of a trustee after default. This construction would eliminate the constitutional objection.

Where a statute is susceptible of two constructions, one of which renders it constitutional and the other unconstitutional, it is the duty of the court to adopt the construction which, without doing violence to the fair meaning of the statute, will render it valid. Anderson v. Tiemann, 182 Neb. 393, 155 N. W. 2d 322; State ex rel. Meyer v. County of Lancaster, 173 Neb. 195, 113 N. W. 2d 63. We construe subsection (9) of section 71-4215, R. S. Supp., 1967, to be applicable only to trustees to be appointed prior to default and not invalid.

Having determined that the act is partially invalid, the question remains as to whether the remaining por-

tions of the act are valid. The act contains a severability clause. Such a clause is an aid to interpretation, and is a declaration of the intent of the Legislature that it would have passed the act with the invalid parts omitted. Terry Carpenter, Inc. v. Wood, 177 Neb. 515, 129 N. W. 2d 475.

Where the unconstitutional portions of an act can be separated from the valid portions and the latter enforced independent of the former, and the invalid portions do not constitute such an inducement to the passage of the valid parts that they would not have been passed without them, the former may be rejected and the latter upheld. Safeway Stores, Inc. v. Nebraska Liquor Control Comm., 179 Neb. 817, 140 N. W. 2d 668.

The invalid portions of the act relate to the pledging of fees and charges and other assets of the commission, and the appropriation of general revenue funds to supplement the debt service reserve funds. These provisions may be eliminated without destroying the entire plan of the act. The commission can still function as intended by the Legislature although there may be greater difficulty in providing the financial assistance which the act contemplates. We conclude that the invalid portions of the act do not require that the entire act be held invalid.

The motion of the plaintiff for judgment on the pleadings is sustained. Judgment in accordance with the opinion.

MOTION SUSTAINED; JUDGMENT IN
ACCORDANCE WITH THE OPINION.