AMANDA C. BODENSTEDT ET AL., APPELLANTS, V. FRED RICKERS, COUNTY SUPERINTENDENT OF WAYNE COUNTY, APPELLEE.

203 N. W. 2d 110

Filed December 15, 1972. No. 38503.

John V. Addison, for appellants.

B. B. Bornhoft, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

The issue raised in this case is narrow. It is simply whether section 79-603, R. R. S. 1943, is an act independent in nature or whether it is purely amendatory of existing legislation and therefore runs afoul of Article III, section 14, Constitution of Nebraska, requiring that the title to amendatory acts state the section or sections of the law to be amended. The district court held the section constitutional, and we affirm the judgment of the district court.

Under the provisions of section 79-603, R. R. S. 1943, no Class I school district which contracts for instruction after June 1, 1970, of all its pupils with a Class I, II, III, IV, or V district shall merge with another Class I district. The question arose in this case because School District No. 80 contracted with the Laurel School District after the applicable date so, District No. 80 being

a Class I district, under the provisions of the statute it cannot merge with School Districts No. 75 and No. 76, both of which are Class I districts.

Section 79-603, R. R. S. 1943, under attack here, is a part of L.B. 1377, Laws 1969, c. 703, § 3, p. 2703, passed by the 1969 Legislature. The title to the act is as follows: "An Act relating to schools; to prohibit the formation of new school districts except as prescribed; to provide for mergers and *prohibit them in certain cases;* to restrict contracting for instruction; and to declare an emergency." (Emphasis supplied.) The court has had this problem before it in many previous cases. We have consistently held that if an act is complete and independent in itself, it may incidentally amend, modify, or have impact upon the provisions of existing statutes without controverting the provisions of the Constitution relating to amendments set out in Article III, section 14, Constitution of Nebraska. Blair Co. v. American Savings Co., 184 Neb. 557, 169 N. W. 2d 292; Live Stock Nat. Bank v. Jackson, 137 Neb. 161, 288 N. W. 515; Hinman v. Temple, 133 Neb. 268, 274 N. W. 605. Perhaps the best statement of the rule is in Live Stock Nat. Bank v. Jackson, *supra,* in which the court stated as follows: "The modern rule is: 'Where an act does not purport to be amendatory, but is enacted as original and independent legislation, and is complete in itself, it is not within the constitutional requirement as to amendments, though it may, by implication, modify or repeal prior acts or parts thereof.' (Citing cases).

"An examination of the act in question (Comp. St. 1929, sec. 20-1559) discloses that it is a complete and independent act. Such being the case, section 14, art. III of the Constitution, does not require that the statute. with which it purports to conflict, should be set out as amended and accompanied by a repeal of such statute.

"As stated in 59 C. J. 871: *'If an act or statute is in itself complete* and *intelligible without reference to other legislation,* it is not within the prohibition of the con-

stitutional provisions by reason of the fact that it amends other statutes by implication, and it is not necessary that such statutes should be reenacted and set out at length as modified.' " (Emphasis supplied.)

It is clear that section 79-603, R. R. S. 1943, not only purports to be a complete and independent act, but that it is "intelligible without reference to other legislation." The section under attack simply provides, that under certain circumstances, no Class I district shall merge with another Class I district. There are no prior statutes that have been called to our attention which prohibit the merger of Class I districts. It is true that other sections of our school statutes provide for the procedure to be used in case of merger. We agree that if the legislation attacked is meaningless standing alone, or that it makes changes in existing law by adding new provisions and mingling the new with the old on the same subject in such a manner as to confuse the interpretation and the application of the whole legislation, then such legislation is purely amendatory in nature and falls within the prohibition of Article III, section 14, of the Constitution. But it is very clear that no such situation exists in the enactment of section 79-603, R. R. S. 1943. The other statutes cited by the appellants to bolster the contention that this is an amendatory act are for the most part procedural and deal with how to effect a merger, and not that such districts may or may not merge. This statute makes no amendments in the procedural method for accomplishing a merger. It simply and clearly provides and prohibits the merger of Class I districts under certain circumstances. Section 79-603, R. R. S. 1943, therefore, is an act complete in itself in that it simply prescribes that Class I districts, under the circumstances detailed, may not merge. It does not purport to cover the entire subject of school mergers or the procedures involved therein. It is intelligible without reference to other legislation. We fail to see how it could possibly be confusing or render difficult the

enforcement or the understanding of the other related legislation concerning school mergers. We also observe that there is a presumption of the constitutionality of a statute duly enacted by the Legislature and all reasonable doubt must be resolved in favor of constitutionality, and that if a statute is subject to more than one reasonable construction, the court will adopt the one which will make the act constitutional. State ex rel. Meyer v. Duxbury, 183 Neb. 302, 160 N. W. 2d 88; Schurmann v. Curtiss, 183 Neb. 277, 159 N. W. 2d 554. Broadly speaking the provisions of Article III, section 14, of our Constitution, relating to the breadth of the title to the act and requiring the recitation of statutes being amended, have as their purpose the prevention of surrepetitious legislation and an impermissible confusion in the enactment of amendatory statutes. Neither one of these mischiefs sought to be prevented by the constitutional prohibition are present in this case. The title to the act specifically contains a provision, "to provide for mergers and prohibit them in certain cases." The act itself leaves no doubt as to its precise application with reference to the capacity of Class I districts to merge. As such, it is complete and independent legislation and to the extent that it may have impact upon the other merger statutes and the scope of their application they are modified by implication. See Blair Co. v. American Savings Co., *supra*.

The judgment of the district court finding that the statute under attack was constitutional was correct and is affirmed.

AFFIRMED.