WALTER NEEMAN ET AL., APPELLANTS AND CROSS-APPELLEES, v. NEBRASKA NATURAL RESOURCES COMMISSION ET AL., APPELLEES AND CROSS-APPELLANTS, LOWER PLATTE SOUTH NATURAL RESOURCES DISTRICT ET AL., INTERVENERS-APPELLEES AND CROSS-APPELLEES.

217 N. W. 2d 166

Filed April 18, 1974. No. 39227.

Ginsburg, Rosenberg, Ginsburg & Krivosha, for appellants.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellees.

Crosby, Guenzel, Davis, Kessner & Kuester and Leroy W. Orton, for interveners-appellees.

Heard before SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and RONIN and MORAN, District Judges.

BOSLAUGH, J.

This is an action for a declaratory judgment to deter-

mine the validity of legislation relating to natural resources districts. The plaintiffs are the Richardson County Soil and Water Conservation District and two residents and taxpayers within the Wilson Creek Watershed Conservancy District. The defendants are the Nebraska Natural Resources Commission and its executive secretary; the Nebraska Soil and Water Conservation Commission and its executive secretary; the Wilson Creek Watershed Conservancy District; the Attorney General; the Auditor of Public Accounts; and the State of Nebraska. The interveners are the Lower Platte South Natural Resources District; the County of Douglas and its board of commissioners; Ziegler Creek Watershed Conservancy District; Brownell Watershed Conservancy District; Upper Little Nemaha Watershed Conservancy District; and South Branch Watershed Conservancy District.

The trial court found the legislation was valid except as to certain provisions which were severable. The plaintiffs appeal and the defendants cross-appeal.

The principal antecedent of the legislation involved in this case appears to have been the Soil Conservation Districts Law. Enacted in 1937, it was revised extensively in 1959 and amended again in 1963, 1965, and 1967.

L.B. 1357, enacted in 1969, established the Nebraska Soil and Water Conservation Commission and directed the commission to divide the area of the state into natural resources districts. A major purpose of L.B. 1357 was to consolidate and merge existing soil and water conservation districts, watershed conservancy districts, watershed districts, watershed advisory boards, watershed planning boards, and mosquito abatement districts into natural resources districts or natural resources divisions of public power and irrigation districts. The governing boards of such districts were directed to complete the necessary transfers and other arrange-

ments before January 1, 1972, so that the natural resources districts could begin operation on that date.

The plaintiffs contend L.B. 1357 was unconstitutional because it was amendatory of the Soil Conservation District Law and did not contain all sections amended. The Constitution provides that "no law shall be amended unless the new act contain the section or sections as amended and the section or sections so amended shall be repealed." Art. III, § 14, Constitution of Nebraska. The requirement does not apply to an independent act which is complete in itself. State v. Greenburg, 187 Neb. 149, 187 N. W. 2d 751. The provision is applicable to an act which is not complete in itself but relates to other existing statutes by changing them in part so that the changes and existing provisions result in a connected piece of legislation covering the same subject matter.

The plaintiffs argue that L.B. 1357 was not complete in itself because it related to the Soil Conservation Districts Law and did not make sense in the absence of that law. The fact that L.B. 1357 related to other statutes does not necessarily mean it was not independent legislation. The situation is similar to that presented in Bodenstedt v. Rickers, 189 Neb. 407, 203 N. W. 2d 110. There a statute relating to mergers of Class I school districts was held to be independent legislation notwithstanding the fact that other sections of the law defined Class I districts and prescribed the procedure for mergers.

As previously noted, a purpose of L.B. 1357 was to consolidate and merge existing soil and water conservation districts into newly created natural resources districts. Soil and water conservation districts were not abolished upon the effective date of the act but continued to exist while the consolidation and merger process was taking place. Thus, much of the legislation concerning soil and water conservation districts

continued in force and was not amended or repealed by L.B. 1357. The districts organized under the earlier law, as distinguished from the law itself, were to be eliminated through the process of consolidation and merger.

The plaintiffs also contend L.B. 1357 and the other acts involved are so vague and incomprehensible that they are unconstitutional and void. It is a general rule that a statute must be reasonably clear and definite to be valid. Heywood v. Brainard, 181 Neb. 294, 147 N. W. 2d 772. This principle is applied most strictly to statutes which are penal in nature. But a statute which is otherwise valid will not be held void or unintelligible and meaningless unless it is so imperfect and deficient in its terms as to render it impossible of execution and enforcement. If the intent and purpose of the Legislature can be ascertained and the statute is susceptible to a reasonable construction which will support and give it effect, the statute will be held valid.

The plaintiffs have cited many instances of vague and indefinite provisions in the statutes in question. For example, in section 1 of L.B. 1357 (now section 2-3201, R. S. Supp., 1973, as amended), the third sentence indicated the merger of soil and water conservation districts into natural resources districts was mandatory. In 1972 the statute was amended to define a soil and water conservation district as an "other special purpose" district which in the last sentence of section 2-3201 was "encouraged" to merge with a natural resources district. § 2-3201, R. S. Supp., 1972. (The language "soil and water conservation districts" was stricken in 1973 and merger of soil and water conservation districts was again made mandatory. § 2-3201, R. S. Supp., 1973.) We think these ambiguities and uncertainties presented problems of construction and interpretation but the act was not void because of them.

The plaintiffs further contend the statute is invalid

because there was no appeal provided from the action of the Legislature or the commission in establishing the boundaries of the natural resources districts. The plaintiffs argue this was a violation of Article I, section 24, of the Constitution of Nebraska, which guarantees the right of appeal in all civil cases.

The fixing of the boundaries of a political subdivision is essentially a legislative matter. Nickel v. School Board of Axtell, 157 Neb. 813, 61 N. W. 2d 566. Where that power has been delegated, a judicial inquiry and determination can be made as to whether conditions existed so that the power could be exercised. Williams v. County of Buffalo, 181 Neb. 233, 147 N. W. 2d 776. We find no violation of Article I, section 24, Constitution of Nebraska.

The Nebraska Natural Resources Commission, as established by subsection (3) of section 2-1504, R. S. Supp., 1972, from January 1, 1973, until 1975, consists of 14 members. Three members are officers of the University of Nebraska. The Director of Water Resources is also a member. The trial court held this provision of the law was invalid as to these 4 members. The defendants cross-appeal.

The Director of Water Resources is a state officer. § 81-102, R. R. S. 1943. Membership on the commission is an additional duty of that officer which could be imposed by the Legislature. See 63 Am. Jur. 2d, Public Officers and Employees, § 30, p. 645.

The members of the commission who are officers of the University of Nebraska are not state officers. Martin v. Smith, 239 Wis. 314, 1 N. W. 2d 163, 140 A. L. R. 1063. Their designation by the Legislature as members of the commission was a legislative appointment in violation of Article IV, section 10, Constitution of Nebraska. Wittler v. Baumgartner, 180 Neb. 446, 144 N. W. 2d 62. We agree with the trial court that this

provision of the act as to the 3 members of the commission was severable.

Section 2-1504, R. S. Supp., 1972, also contained a provision authorizing certain appointments to be made by the Governor-elect. (The provision has now been repealed. § 2-1504, R. S. Supp., 1973). The trial court found this provision to be invalid but severable. We think this finding was correct.

The judgment of the District Court is modified to provide that the designation in section 2-1504, R. S. Supp., 1972, of the Director of Water Resources as a member of the commission is valid. As so modified the judgment is affirmed.

AFFIRMED AS MODIFIED.

SPENCER, J., dissenting.

I dissent from the majority opinion herein because I do not believe L.B. 1357 can be held constitutional without unduly straining the bounds of constitutional interpretation.

I would hold the acts challenged in this litigation constitute amendatory legislation which failed to comply with the constitutional requirements relating to the adoption of amendments to statutes.

I would also hold the act is so imperfect and deficient in its terms as to render it impossible of execution and enforcement. As we said in Heywood v. Brainard (1967), 181 Neb. 294, 147 N. W. 2d 772: "It is a fundamental requirement of due process of law that a statute be reasonably clear and definite."

Further, I do not believe that the majority opinion has satisfactorily answered the contention that the act is in violation of Article I, section 24. of the Constitution.