REQUESTED BY: Dear Senator Marsh:
In your letter of January 23, 1979, you requested some clarification `regarding the present appointee to the office of Tax Commissioner, since the individual named as acting director also holds the position of a public power director.' You cite Article IV, sections 2 and 28 of the Constitution of Nebraska for our consideration. We assume that this request is made pursuant to your position as Chairperson of the Committee on Committees and the Committee's responsibility under Rule 3, section 17(d) of the Rules ofthe Nebraska Unicameral.
The issue raised by your request is whether a person who has been appointed as acting Tax Commissioner may also continue to serve as a member of the board of directors of a public power district in light of the prohibition contained in Article IV, section 2 of the Nebraska Constitution. We have considered the provisions of the Nebraska Constitution that you have cited, and conclude that Article IV, section 2 does not prohibit a person appointed as acting Tax Commissioner from continuing to serve on the board of directors of a public power district.
Article IV, section 28 of the Nebraska Constitution provides:
 "A Tax Commissioner shall be appointed by the Governor with the advice and consent of the Senate. He shall have jurisdiction over the administration of the review laws of the state, and together with the Governor, Secretary of State, State Auditor and State Treasurer shall have power to review and equalize assessments of property for taxation within the state. He shall have such other powers and perform such other duties as the Legislature may provide. His term of office and compensation will be as provided by law."
This provision establishes the office of Tax Commissioner and, thus, brings the office within the prohibition found in Article IV, section 2 of the Nebraska Constitution.
Article IV, section 2 of the Nebraska Constitution provides:
 "No person shall be eligible to the office of Governor, or Lieutenant Governor, who shall not have attained the age of thirty years, and who shall not have been for five years next preceding his election a resident and citizen of this state and a citizen of the United States. None of the appointive officers mentioned in this article shall be eligible to any other state office during the period for which they have been appointed." (Emphasis added.)
As the above boldfaced portion of Article IV, section 2 indicates, persons appointed to offices pursuant to Article IV are not eligible to hold any other state office during the period of time for which they have been appointed. Thus, the precise question raised is whether a director of a public power district holds a `state office' within the meaning of Article IV, section 2 of the Nebraska Constitution.
It is our opinion that a member of the board of directors of a public power district does not hold a `state office', and therefore, a person appointed as acting Tax Commissioner is not precluded by Article IV, section 2 of the Nebraska Constitution from continuing to serve as a director of a public power district.
In considering whether a particular public office constitutes a `state office', courts have focused on several factors including: (1) the territorial extent of the authority of the office; (2) whether the duties and functions of the office are coextensive with the state; (3) the source of compensation for the office; (4) the degree of supervision of the office by state authorities; and (5) the manner in which a person acquires the office. 81A C.J.S.States § 80, p. 451-55 (1977). It is generally held that a `state office' exists when the powers and duties of the particular public official involved is coextensive with the state and the public official is directly paid by the state. 81A C.J.S. States, § 80, p. 451-55 (1977).
With these specific factors as guidelines, it is necessary to analyze the particular position of director of a public power district. A public power district is a public corporation and political subdivision of the state. Section70-602, R.R.S. 1943. The procedure for the creation of a public power district is statutory. A district is created by the filing of a petition with the Department of Water Resources. Section 70-604, R.R.S. 1943. The geographic boundaries of the district are required to be set out in the petition and are not imposed by state law. Section 70-604, R.R.S. 1943. The operating area of a district is the geographical area comprising the district's retail and wholesale distribution area. Section 70-604.02, R.R.S. 1943.
The powers granted to a public power district are intended to permit it to operate in a successful and profitable manner. York County Rural Power District v. O'Connor,172 Neb. 602, 607, 111 N.W.2d 376 (1961). The business activities of the district are run by the board of directors who are elected by voters within the district. Section70-610, R.R.S. 1943. The authority of the board of directors is not statewide, but is limited to the geographic boundaries of the district's operating area. The salary of the board of directors is set by the board, with statutory maximums, and it is paid solely from the revenue of the district. Section 70-624.02, R.S.Supp., 1978.
In applying the various factors noted above to the position of director of a public power district, it is our conclusion that such a position does not constitute a `state office' within the meaning of Article IV, section 2 of the Nebraska Constitution. Particularly persuasive is the fact that a director is paid by the district and not the state and the fact that the director's duties and authority do not extend statewide but rather are limited to a smaller geographic area.
While the Nebraska Supreme Court has never directly addressed the issue of what constitutes a `state office' within the meaning of Article IV, section 2 of the Nebraska Constitution, the court has rendered two decisions on related issues which support our opinion that a director of a public power district does not hold a state office. InNeeman v. Nebraska Natural Resources Commission, 191 Neb. 672,217 N.W.2d 166 (1974), the court held that the Director of Water Resources is a state officer and that officers of the University of Nebraska are not state officers. However, the court did not discuss the reasons underlying the decision.
In State ex rel. Howard v. Marsh, 146 Neb. 750,21 N.W.2d 503 (1946), the court considered the issue of what constitutes an `executive state office'. The court defined an `executive state office' as an office with executive powers and jurisdiction throughout the state. While the court's decision in this case is not directly applicable to the situation herein, the inclusion by the court of the element of jurisdiction throughout the state is some indication that the court may be inclined to limit the definition of `state office' to those offices which have jurisdiction coextensive with the boundaries of the state.
In summary, it is our opinion that Article IV, section2 of the Nebraska Constitution does not prohibit a person appointed as acting Tax Commissioner from continuing to serve on the board of directors of a public power district.