REQUESTED BY: Dear Senator DeCamp:
You have requested the opinion of this office regarding the constitutionality of certain aspects of LB 831. Specifically, you inquire whether the failure to define such terms as resource and shortage creates an ambiguity of constitutional proportion. Also, you are concerned about the failure of the bill to specify a time limitation on resource crisis.
1. LB 831 amends the Nebraska Disaster and Civil Defense Act to add `resource crisis' to the provisions of the act. Section 4, subsection (4) of the bill defines resource crisis to mean the shortage of a resource that seriously threatens the health, welfare, or safety of the people of the State of Nebraska. However, as you point out, nowhere are the terms resource or shortage defined. The question then becomes, `Does this omission render LB 831 unconstitutionally vague and indefinite?'
It is a fundamental requirement of due process that a statute must be reasonably clear and definite to be valid.Neeman v. Nebraska Natural Resources Commission, 191 Neb. 672,217 N.W.2d 166 (1974).
The due process command imposed by Amendment XIV to the Constitution of the United States, and Article I, section 3, Constitution of Nebraska, translates into two basic requirements. First, the statute's language must be sufficiently specific that persons of ordinary intelligence must not have to guess at its meaning. Secondly, the statute must contain ascertainable standards by which it may be applied. Statev. A.H., 198 Neb. 444, 253 N.W.2d 283 (1977).
Most decisions involving the constitutional void for vagueness doctrine concern statutes or ordinances imposing criminal sanctions. However, as the court stated in Statev. A.H., supra, at p. 449, this doctrine applies equally to civil statutes.
In applying the aforementioned test to LB 831, we must determine if the words `shortage' and `resource' are terms of common understanding such that persons of ordinary intelligence would not have to guess at their meaning.Bridgeford v. U-Haul Company, 195 Neb. 308, 238 N.W.2d 443
(1976).
`Resource' is defined in Webster's New World Dictionary
as `something that lies ready for use or that can be drawn upon for aid or take care of a need.' A `shortage' is defined as `a deficiency in the quantity or amount needed or expected or the extent of this; deficit.' There is no indication in LB 831 that the Legislature intended another, more restrictive or technical meaning.
Considering the context in which the term `resource crisis' is used in LB 831, it would appear the Legislature was concerned with emergency functions in times of imminent natural disaster, such as tornadoes, floods, or hostile military action. At what point in time a deficiency of a needed thing reaches this level of imminent danger, we do not know, nor do we think that a person of normal intelligence would know. Likewise, it is not clear what `things' would constitute a resource. It appears that persons of ordinary intelligence could differ concerning the meaning of these words. Further, without more precise definitions, we fail to find an ascertainable standard for the application of the act. When or what will result in a resource crisis which triggers the broad powers of this act is left entirely to conjecture. This indefiniteness is impermissible.
2. With regard to your second question concerning the failure of the bill drafters to place a time limitation on resource crisis, we do not at this time find a due process problem in the referenced language. LB 831 provides that a resource crisis or other state of disaster shall expire at the end of 30 days unless renewed by the Governor. This bill also provides that the Legislature may by resolution require the Governor to terminate a resource crisis. Thus, the Legislature is providing a time limitation on the resource crises.
In Rein v. Johnson, 149 Neb. 67, 30 N.W.2d 248
(1947), the court reviewed the requirements of the due process clause.
 "The primary purpose of that constitutional guaranty is security of the individual from the arbitrary exercise of the powers of government unrestrained by the established principles of private rights and distributive justice. 12 Am.Jur., Constitutional Law, § 575, p. 271.
 "As related to legislation, it is generally held that due process is satisfied if the Legislature had the power to act on the subject matter, if that power was not exercised in an arbitrary, capricious, or unreasonably discriminatory manner, and if the act, being definite, had a reasonable relationship to a proper legislative purpose. In other words, if an act of the Legislature is authorized and promulgated by the inherent and reserved constitutional powers of the state, and is enforced with due regard to and observance of the rules established by our system of jurisprudence for the security of life, liberty, and property, it is not in conflict with due process of law. 16 C.J.S., Constitutional Law, § 569, p. 1156." Id. at 82.
As part of the broad police powers of the state, we believe the Legislature has the authority to provide for emergency procedures for resource crisis, as long as those provisions do not contravene the Constitution. We cannot, however, determine if the act had a reasonable relationship to the proper legislative purpose. As discussed in part 1 of this opinion, the act is indefinite and therefore, we cannot determine if a reasonable relationship exists.
In conclusion, this bill is, in our opinion, unconstitutionally void for vagueness. Unless and until the terms of the act are more specifically defined, it will fail to pass the minimum requirements of due process.