REQUESTED BY: Senator Donald L. Wagner Nebraska State Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator Wagner:
We are responding to your letter of January 18, 1982, in which you request our opinion regarding the constitutionality of Neb.Rev.Stat. § 2-1504(2) (Supp. 1980), concerning membership on the Nebraska Natural Resources Commission. You have introduced legislation to correct what you perceive may be a constitutional defect in this statutory section.
You seemed to specifically question the manner by which the statute designates who may be appointed as a member of the Nebraska Natural Resources Commission.
Neb.Rev.Stat. § 2-1504 (Supp. 1980) creates the Nebraska Natural Resources Commission. Subsection (2) provides in pertinent part, `the Nebraska Natural Resources Commission shall consist of the following members: (a) One natural resources district director or former district director from each of the following river basins. . . .' It goes on to provide for additional members each of whom shall be `a director or former director of a natural resources district' except three selected by the Governor representing specific interest groups. The members of the commission representing river basins are to be selected `at individual caucuses of the natural resources district directors residing in the river basin from which the member is selected.' It is therefore evident that membership on the commission is limited to directors or former directors of natural resources districts, with the exception of three members appointed by the Governor.
The Nebraska Constitution, Article IV, Section 10, relates to the appointment of persons in public offices:
 The Governor shall appoint with the approval of a majority of the Legislature, all persons whose offices are established by the Constitution, or which may be created by law, and whose appointment or election is not otherwise by law or herein provided for; and no such person shall be appointed or elected by the Legislature.
The Legislature has an unlimited field within which to legislate, subject only to this constitutional inhibition, the initiative and referendum, and provided that the legislation is for public purpose. Power Oil Co. v. Cochran,138 Neb. 827, 295 N.W. 805 (1941).
The Legislature may establish criteria for membership on a legislatively established commission as long as those criteria do not contravene Article IV, Section 10 of the Constitution. Our Supreme Court in Neeman v. Nebraska NaturalResources Commission, 191 Neb. 672, 676,217 N.W.2d 166 (1974), held that the Legislature could determine that a state officer may be a member of a legislatively established commission since membership on the commission would be interpreted as an additional duty of the officer. However, any designation of a specific officer or individual to be a member of a commission would be a legislative appointment in violation of Article IV, Section 10. The Legislature may designate a class of individuals eligible to serve on a commission and the method by which such persons shall be selected. In so doing, however, it may not so limit the class as to actually appoint a specific individual or individuals. In Wittler v. Baumgartner, 180 Neb. 446, 144 N.W.2d 62
(1966), our court held that a statute providing that the board of directors for a public electric corporation would be selected from members residing in nine regions, violated Article IV, Section 10 of the Nebraska Constitution when five of those regions contained only one person qualified to receive appointment by the Governor to this board. The court said:
 The provisions of the Act which limit the appointment . . . by the Governor to a certain unnamed individual or to a . . . limited few, is an encroachment by the Legislature upon the powers of the Governor and is void as violative of Article IV, Section 10, of the Constitution of Nebraska.
Wittler v. Baumgartner, 180 Neb. at 460.
In reviewing Neb.Rev.Stat. § 2-1504(2) we observe no limitation so limiting as to be an encroachment by the Legislature upon the powers of the Governor, or be void as violative of Article IV, Section 10 of the Nebraska Constitution.
You also seemed to question whether the manner of designating members of the commission violates the United States Constitution as being so irrational as to deprive persons of equal protection of the law. The United States Supreme Court in Minnesota v. Clover Leaf Creamery Co., ___ U.S. ___, 101 S.Ct. 715 (1981), reaffirmed that its evaluation of a challenge to a State Statute upon grounds of violation of the Equal Protection Clause of the Constitution will be satisfied if it was reasonable for the lawmakers to believe that the challenged legislation would promote a legitimate state purpose. It is not irrational for the Nebraska Unicameral to believe that the knowledge and experience acquired while a member of the board of directors of a natural resources district would best qualify an individual for service upon the Nebraska Natural Resources Commission. Therefore, it is our conclusion that the language of the present Nebraska statute does not violate the Equal Protection Clause of the United States Constitution.
Very truly yours,
PAUL L. DOUGLAS Attorney General
G. Roderic Anderson Assistant Attorney General