REQUESTED BY: Senator Rex Haberman State Senator State Capitol Lincoln, NE 68509
Dear Senator Haberman:
We are responding to your request on an opinion whether Subsection 6 of Section 4 of LB 726 stating that a petition requesting groundwater controls must be signed by 75 percent of the persons residing in each township if such persons own 75 percent of the property in each township is constitutional.
Your initial inquiry concerns the choice of the specific language of this section. To us it is not clear that the intent of the section is to require that 75 percent of the property in the township be owned by 75 percent of the persons residing in that township, or whether or 75 percent of the property in that township be owned by the persons who signed the petition constituting 75 percent of the residents in the township. There is a difference upon the result depending upon this interpretation.
While the statutory language suggested is not so unintelligible and meaningless as to render it impossible of execution, Taylor v. Karrer, 196 Neb. 581, 244 N.W.2d 201
(1976), it is a general rule that a statute must be reasonably clear and definite to be valid. Neeman v. Nebraska NaturalResources Commission, 191 Neb. 672, 217 N.W.2d 166
(1974). Some clarification of the language would avoid the confusion suggested above.
Our second point of inquiry concerns due process and equal protection arguments. Article III, section 2 of the Nebraska Constitution provides:
 The first power reserved by the people is the initiative whereby laws may be enacted and constitutional amendments adopted by the people independently of the Legislature.
The people are reserved the power to enact statutes and constitutional amendments. There is, however, no reservation of the power by the people within the Constitution to enact a local law. Under the Legislature's police power, certain people of townships within the designated districts are granted the power to adopt stricter water controls. The question is whether these qualifications impinge upon the equal protection and due process rights of the people within the township.
A Nebraska case, Nebraska Mid-State Reclamation Districtv. Hall County, 152 Neb. 410, 41 N.W.2d 397 (1950), supports the conclusion that the disqualified persons are not denied equal protection or due process of law. In holding that the Reclamation Act did not violate the constitutional guarantee of due process and equal protection because the act did not expressly confer a right on the owners of realty in a city to join in a petition for a creation of the water district, the Supreme Court stated:
 The Legislature had the power to create a water conservancy district by its own fiat. It need not have given any individual or group the right to petition for the creation of a district. It was within its discretion to determine what qualifications, if any, a petitioner for the creation of a district must have. . . .
41 N.W.2d at 412.
It should be kept in mind that non-freeholders are not being denied the right to vote in violation of the `one man, one vote' doctrine. See, Reynolds v. Sims, 377 U.S. 533. However, using cases wherein the Supreme Court has questioned the validity of a provision making the right to vote dependent upon ownership of real property as an analogy, we can reinforce the conclusion that those persons denied qualification to sign the petition are not denied their equal protection or due process rights.
This conclusion is reached by a determination of whether the qualifications to sign the petition are rationally based. Using the criteria suggested in Ball v.James, ___ U.S. ___, 68 L.Ed.2d 150 (1981), the interest which the Legislature seeks to promote outweighs the interest of those excluded from signing the petition. Specifically, the district is not vested with typical governmental powers. The primary purpose of the district is the management, protection and conservation of groundwater. It provides no other general services such as schools, housing, transportation, utilities, or anything else of the type ordinarily financed by a municipal body. The district does not exercise what might be thought of as `normal governmental' authority. The district's actions do disproportionally affect landowners. Therefore, there appears to be a rational basis for the Legislature to impose an ownership of real property clause within this grant of power.
In conclusion, with the suggested language clarification, subsection 6 of Section 4 of LB 726 does not appear to be unconstitutional.
Very truly yours,
PAUL L. DOUGLAS Attorney General
G. Roderic Anderson Assistant Attorney General