REQUESTED BY: Senator Glenn A. Goodrich Nebraska State Legislature 2104 State Capitol Lincoln, Nebraska 68509
Dear Senator Goodrich:
In your letter of January 29, 1985, you call our attention to LB 242 and request our opinion as to the constitutionality of this proposal.
This legislation would confer upon the State Board of Education the power to, among other things `. . . borrow money and issue and purchase negotiable bonds, notes, or other obligations. . . .'
This legislation has been artfully drafted and its drafters appear to have been mindful of the decision of the Nebraska Supreme Court in Meyer v. Duxbury, 183 Neb. 302,160 N.W.2d 88 (1968), and have gone to great lengths to weave its provisions within the restrictive confines of that decision, as well as the confines of the Constitution and other applicable decisions of our court on questions involving the constitutional limitation upon the extension of the credit of the state and the incurring of a debt in excess of $100,000 by the state.
While the drafters appear to have successfully negotiated this perilous path, we caution, however, that the use of constitutionally innovative schemes to utilize credit in the financing of essentially state functions has literally exploded in the last few years. It is difficult to predict at which point our court may be faced with either putting an end to the systematic erosion of these constitutional prohibitions or to essentially declare them to be nullities.
Our only concern with the language of this bill is in Section 6 where reference is made to `revenue and other income' being available to retire bonds issued, and in Section 11 where reference is made to `revenue, money or properties' being available to pledge as security for such bonds. We assume these references are not to revenue income or money derived by the board from the Legislature through the appropriation process, nor does the reference to property include state owned property of the board.
We are therefore of the conclusion that the provisions of LB 242 as they have been carefully drafted fall within the present constitutional confines as they have been set forth by our court, however, we cannot say with certainty that our court will indefinitely accept as constitutional financing plans such as the one proposed by LB 242.
Sincerely,
A. EUGENE CRUMP Deputy Attorney General
Terry R. Schaaf Assistant Attorney General