REQUESTED BY: Senator Rex Haberman Nebraska State Legislature State Capitol, Room 1124 Lincoln, NE 68509
Dear Senator Haberman:
This is in response to your letter of April 10, 1985, concerning LB 271. Among other things, LB 271 establishes a seven-member Agricultural Land Valuation Advisory Board whose duties include reviewing the agricultural land valuation manual developed by the Department of Revenue and the data sources for such manual, and making recommendations to the Tax Commissioner for changes to this manual and the land values contained therein. Six of the members are appointed by the Governor for terms of office of four years. The seventh member and Chairperson of the Advisory Board is designated in the bill as the Chairperson of the Legislature's Revenue Committee. This seventh member is also a voting member. The board members receive necessary expenses while engaged in the duties of the Board as do other state employees. Your question is simply whether the designation of a state legislator as a member of the Board is a violation of Article II, Section 1 of the Nebraska Constitution regarding separation of powers.
We are not unmindful of the fact that this Board is advisory in nature only. Nevertheless, the intent and purpose of this bill is that the Board shall have a significant and influential impact on the administration of LB 271 as it pertains to the establishment of agricultural land values. This is clearly an administrative or executive function and not legislative in nature.
Article II, Section 1 of the Constitution provides that:
 The powers of the government of this state are divided into three distinct departments, the Legislative, Executive and Judicial, and no person or collection of persons being one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted.
This doctrine of separation of powers has been strictly construed in the State of Nebraska. See for example, State ex rel. Meyer v. State Board of Equalization and Assessment,185 Neb. 490, 176 N.W.2d 920 (1970).
Courts from other jurisdictions have examined situations in which the Legislature attempted to place its members on various boards or commissions which were essentially administrative or executive in nature. In the face of similar constitutional provisions, these courts have held that these attempts were violations of the doctrine of separation of powers. See, State ex rel. Wallace v. Bone,286 S.E.2d 79, (Supreme Court of North Carolina 1982), Book v. State Office Building Commission, 238 Ind. 120, 149 N.E.2d 273
(1958), State ex rel. State Building Commission of West Virginia v. Bailey, 151 W. Va. 79, 150 S.E.2d 449 (1966), and Greer v. Georgia, 233 Ga. 667, 212 S.E.2d 836 (1979). Thus we believe, that the attempted placement of a member of the Legislature as chairperson of this administrative board is a violation of the doctrine of separation of powers as found in the Nebraska Constitution, Article II, Section I.
This attempted appointment to the Board of a member of the Legislature also raises two other constitutional issues. Article IV, Section 10 provides that:
 The Governor shall appoint with the approval of a majority of the Legislature, all persons whose offices are established by the Constitution, or which may be created by law, and whose appointment or election is not otherwise by law or herein provided for; and no such person shall be appointed or elected by the Legislature.
The designation by the Legislature here of one of its members as the Chairperson of the Board would be such a legislative appointment and would be a violation of Article IV, Section 10 of the Constitution. Neeman v. Nebraska Natural Resources Commission, 191 Neb. 672 at 676, 217 N.W.2d 166
(1974).
In addition, Article III, Section 9 provides that:
 No person elected or appointed to the Legislature shall receive any civil appointment to a state office while holding membership in the Legislature or while the Legislature is in session, and all such appointments shall be void.
By virtue of this provision of LB 271, the Chairperson of the Legislature's Revenue Committee would be receiving an appointment to another state office while holding membership in the Legislature.
Thus, the cumulative effect of all of these constitutional provisions leaves us with no choice but to conclude that this particular provision of LB 271 which provides that the Chairperson of the Legislature's Revenue Committee shall serve as the chairperson and seventh member of the Agricultural Land Valuation Advisory Board is unconstitutional.
Sincerely,
ROBERT M. SPIRE Attorney General
John Boehm Assistant Attorney General